[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15474
_____

D.C. Docket No. 1:14-cv-00097-JRH-BKE


HENRY D. HOWARD,
EARNEST G. SMITH,
GLORIA FRAZIER,
THOMAS WALKER,
KENNETH MARTIN,
MELVIN IVEY,
ALBERT ROBINSON, JR.,

                                        Plaintiffs - Appellants,

versus

AUGUSTA-RICHMOND COUNTY, GEORGIA, COMMISSION,
DEKE S. COPENHAVER,
in his official capacity as Mayor of Augusta-Richmond County,
LYNN BAILEY,
in her official capacity as Executive Director of the Richmond
County Board of Elections,

                                        Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(September 2, 2015)

Before JORDAN and JULIE CARNES, Circuit Judges, and ROBREÑO,[*] District Judge.

PER CURIAM:

Following oral argument, and for the reasons which follow, we conclude that the district court abused its discretion in awarding attorneys' fees to Augusta-Richmond County.

A prevailing defendant in a civil rights case brought pursuant to 42 U.S.C. § 1983 can recover attorneys' fees under 42 U.S.C. § 1988(b) if the action was "frivolous, unreasonable, or without foundation." *Sullivan v. Sch. Bd. of Pinellas Cty.*, 773 F.2d 1182, 1188 (11th Cir. 1985). The same standard applies under 52 U.S.C. § 10310(e), a provision of the Voting Rights Act. *See Dillard v. City of Greensboro*, 213 F.3d 1347, 1353 (11th Cir. 2000).

To be frivolous, a complaint must be "so lacking in arguable merit as to be groundless or without foundation." *Sullivan*, 773 F.2d at 1189 (internal quotation marks and citation omitted). The plaintiffs' complaint here, though ultimately unsuccessful, was not frivolous.

_____

[*] Honorable Eduardo C. Robreño, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

First, at the time the complaint was filed, there was no binding precedent clearly establishing that the Supreme Court's decision in *Shelby County v. Holder*, 133 S. Ct. 2612 (2013), was retroactive. The County had a good argument— indeed, what turned out to be a winning argument—that *Shelby County* was retroactive under the rule set forth in *Harper v. Virginia Department of Taxation*, 509 U.S. 86, 96 (1993), but we explained, in an *en banc* opinion, that *Harper* "clearly retained the possibility of pure prospectivity and . . . also retained the . . . test [from *Chevron Oil Co. v. Huson*, 404 U.S. 97 (1971)], albeit in a modified form, as the governing analysis for such determinations in civil cases." *Glazner v. Glazner*, 347 F.3d 1212, 1216-17 (11th Cir. 2003) (en banc). So the plaintiffs had a non-frivolous argument under *Glazner* that *Shelby County* should be given only prospective effect. *See Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978) ("Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.").

Second, in response to queries from legislators, attorneys working for the State of Georgia disagreed on the effect of *Shelby County* given the DOJ's previous objection. Deputy Legislative Counsel H. Jeff Lanier wrote that, despite *Shelby County*, the DOJ objection "[wa]s still valid." Deputy Attorney General Dennis Dunn took a different view, opining that *Shelby County* was retroactive, and it therefore "appear[ed]" that the new Georgia legislation concerning voting

dates could be implemented.  He cautioned, however, that "there is no settled law in Georgia that definitively adopts these conclusions in relation to the implementation of a practice or procedure to which the DOJ had previously objected."  These conflicting views further indicate that the scope of *Shelby County* was not clear at the time the plaintiffs filed suit.  *Cf. Harris v. Ariz. Indep. Redistricting Comm'n*, 993 F.Supp.2d 1042, 1076 (D. Ariz. 2014) (three-judge court) ("Nothing in *Shelby County* suggests that all those [previously drawn redistricting] maps are now invalid, and we are aware of no court that has reached such a conclusion.").

"[T]he showing required to support a finding of frivolity is a 'stringent' one[.]" *Johnson v. Florida*, 348 F.3d 1334, 1354 (11th Cir. 2003).  Because that showing was not made, we reverse the district court's award of attorneys' fees to Augusta-Richmond County.

**REVERSED AND REMANDED.**

4